1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9 DANIEL ANDREW DAVIS,                        1:10-cv-01304-AWI-DLB (HC)

10                      Petitioner,           FINDINGS AND RECOMMENDATION
                                              REGARDING RESPONDENT'S MOTION TO
11        v.                                  DISMISS THE INSTANT PETITION

12                                            [Doc. 20]
   M. MARTEL, Warden
13
                       Respondent.
14 _____/

15

16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.

                                    BACKGROUND
18

19        Following a jury trial, Petitioner was convicted of assault by means of force likely to

20 produce great bodily injury (Cal. Penal Code[1] § 245(a)(1)) and found the accompanying great

21 bodily injury allegation true (§ 12022.7(a)).  The court found true two prior serious felony

22 allegations, along with other prior conviction allegations.  (§§ 667(b)-(i), 1170.12(a)-(d) &

23 667.5(b)).  Petitioner was sentenced to a twenty-five-years-to-life term plus fifteen years.

24        The California Court of Appeal affirmed the judgment on January 16, 2008, and the

25 California Supreme Court denied review on October 16, 2008.

26 ///

27

28        [1] All further statutory references to the charges filed against Petitioner are to the California Penal Code
   unless otherwise indicated.

1

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  The court denied the petition.

On February 12, 2010, Petitioner filed the instant federal petition for writ of habeas corpus.  Respondent filed a motion to dismiss on October 20, 2010.  Petitioner did not file an opposition.

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

///

2

1  S.Ct. 586 (1997).  The instant petition was filed on July 12, 2010, and thus, it is subject to the

2  provisions of the AEDPA.

3      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

4  federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

5  subdivision (d) reads:

6      (1)  A 1-year period of limitation shall apply to an application for a writ of
   habeas corpus by a person in custody pursuant to the judgment of a State court.
7  The limitation period shall run from the latest of –

8          (A) the date on which the judgment became final by the conclusion of
   direct review or the expiration of the time for seeking such review;

9
          (B) the date on which the impediment to filing an application created by
10  State action in violation of the Constitution or laws of the United States is
   removed, if the applicant was prevented from filing by such State action;

11
          (C) the date on which the constitutional right asserted was initially recognized
12  by the Supreme Court, if the right has been newly recognized by the Supreme Court and
   made retroactively applicable to cases on collateral review; or

13
          (D) the date on which the factual predicate of the claim or claims
14  presented could have been discovered through the exercise of due diligence.

15
      (2) The time during which a properly filed application for State post-
16  conviction or other collateral review with respect to the pertinent judgment or
   claim is pending shall not be counted toward any period of limitation under this
17  subsection.

18
      In most cases, the limitation period begins running on the date that the petitioner's direct
19
   review became final.  Here, on October 16, 2008, the California Supreme Court denied the
20
   Petition for Review.  Therefore, direct review became final ninety days later, when the time for
21
   filing a petition for writ of certiorari expired, i.e. January 14, 2009.  Bowen v. Roe, 188 F.3d
22
   1157, 1159-1160 (9th Cir. 1999).  Therefore, the one year limitations period began on the
23
   following day, January 14, 2009, and absent tolling, was set to expire on January 15, 2010.  See
24
   Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal
25
   Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year
26
   limitations period.)

27  ///

28

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

At the time Petitioner mailed a petition for post-conviction relief in the California Supreme Court on August 18, 2009-215 days of the one-year limitation period had elapsed.  The California Supreme Court denied the petition on January 21, 2010.  Therefore, the limitations period resumed the day after the petition was denied.

Petitioner mailed the federal petition on July 12, 2010, which was 171 days after the California Supreme Court denied the petition.  (Ex. B, to Amd. Motion.)  The federal petition is untimely because it was filed 386 days after the one-year statute of limitations began – twenty-one days after the expiration of the one-year limitations period.

D.   Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton

v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  Petitioner has not presented, nor does this Court, any basis to equitably toll the limitations period.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss be GRANTED; and

2.  The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    December 2, 2010**                        **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE